Nathaniel L. Dilger (Bar No. 196203)
ndilger@onellp.com
Peter R. Afrasiabi, Esq. (Bar No. 193336)
pafrasiabi@onellp.com
Christopher W. Arledge (Bar No. 200767
carledge@onellp.com
Joseph K. Liu (Bar No. 216227)
jliu@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Phone:   (949) 502-2870

Attorneys for Plaintiffs,
Fan Bao and Zico USA, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAN BAO, an individual; and ZICO USA, INC., a California corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>REPUBLIC TOBACCO, L.P. a Delaware limited partnership,<br><br>            Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT INJUNCTION AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

For their Complaint against Republic Tobacco, L.P. ("Republic" or "Defendant"), plaintiffs Fan Bao and Zico USA, Inc. (collectively "Zico" or "Plaintiffs") hereby allege as follows:

## JURISDICTION AND VENUE

1.    This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 101 et seq.  This court has subject matter jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) in that the acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of California and within this district, among other places. Defendant resides in this judicial district by virtue of its business activities in this district and has committed acts of infringement in this judicial district.

## THE PARTIES

3. Plaintiff Fan Bao is an individual, with a business address of 4010 West Valley Blvd., #108, Walnut, California 91789. Plaintiff Bao is the owner and principal of Plaintiff Zico USA, Inc.

4. Plaintiff Zico USA, Inc. is a corporation duly organized and existing under the laws of California with its principal place of business at 4010 West Valley Blvd., #108, Walnut, California 91789. Plaintiff Zico, under the direction of Plaintiff Bao, invents, designs, manufactures and sells various devices for use in connection with the enjoyment of tobacco products.

5. Upon information and belief, defendant Republic is a limited partnership organized and existing under the laws of Delaware, with its principal place of business at 2301 Ravine Way, Glenview, Illinois 60025. Upon information and belief, defendant Republic is a subsidiary of Republic Group, Inc.

## FACTS COMMON TO ALL COUNTS

6. On September 11, 2012, the United States Patent & Trademark Office duly and legally issued United States Letters Patent No. 8,261,752, entitled "Crank Type Automatic Cigarette Tube Injector" (the "'752 Patent'"). The '752 Patent is attached as **Exhibit A** to this Complaint and is incorporated by reference in its entirety.

7. The '752 Patent describes and claims, among other things, a crank type cigarette tube injector for injecting tobacco leaves into a hollow cigarette paper tube. The cigarette tube injector includes a housing having a tobacco cavity for the tobacco leaves disposing thereat, and a feeding opening for the cigarette paper tube alignedly supporting thereat, an electric motor, having an output shaft, received in the housing, and a cigarette

filling arrangement, which is driven by the electric motor via the output shaft for feeding the tobacco leaves to the cigarette paper tube through the feeding opening of the housing. The crank type cigarette tube injector not only can make a tight and evenly injection to have a better quality of cigarettes, but also has a length lesser than two cigarette lengths of the cigarette paper tube such that it has a reduce dimension and improved portability.

8. Plaintiff Bao is the owner of U.S. Patent No. 8,261,752. Plaintiff Zico is the only entity authorized to sell products based on Mr. Bao's '752 Patent.

9. Upon information and belief, Defendant imports, distributes, sells and/or advertises an electric cigarette injector, the "PoweRoll Top-O-Matic Electric Cigarette Machine." A picture of Defendant's PoweRoll Top-O-Matic Electric Cigarette Machine is shown below. The PoweRoll Top-O-Matic Electric Cigarette Machine is an exemplary product that Plaintiffs allege infringes one or more claims of the '752 patent, including at least claim 1 of the '752 patent.



# FIRST CLAIM FOR RELIEF
# FOR INFRINGEMENT OF U.S. PATENT NO. 8,261,752

10. Plaintiffs incorporate herein by reference the allegations set forth in the foregoing paragraphs, as though fully set forth herein.

11. Defendant has infringed and continues to infringe at least one of the claims of the '752 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the "PoweRoll Top-O-Matic Electric Cigarette Machine" and other similar electric cigarette injectors that infringe on one or more of the claims of the '752 patent, including at least claim 1 of the '752 patent.

12. Defendant has committed the above acts of infringement with full knowledge of the Asserted Patent, including one or more of the claims of the '752 Patent, and its applicability to the "PoweRoll Top-O-Matic Electric Cigarette Machine" and other similar electric cigarette injectors.

13. Defendant's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of at least one of the claims of the '752 Patent in violation of 35 U.S.C. § 271.

14. Plaintiffs have sustained damages and will continue to sustain damages as a result of Defendant's acts of infringement.

15. Plaintiffs are entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

16. Defendant's infringement of the '752 Patent will continue to damage Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

17. Defendant's infringement of the '752 Patent amounts to willful infringement, entitling Plaintiffs to increased damages and attorney fees and costs incurred in prosecuting this action under 35 U.S.C. §§ 284 and 285.  Indeed, Defendant has infringed the '752 Patent with full knowledge of this patent, including full knowledge that its actions constituted infringement of the '752 Patent.

18.     As a direct and proximate result of Defendant's infringement of the '752 Patent, Plaintiffs have been and continue to be damaged in an amount yet to be determined.

19.     Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on its behalf or in concert with Defendant, from infringing the '191 Patent, Plaintiffs will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

(1)     For a judicial determination and declaration that Defendant has infringed, and continues to infringe, United States Letters Patent No. 8,261,752;

(2)     For a judicial determination and decree that Defendant, its respective subsidiaries, officers, agents, servants, employees, licensees, and all other persons or entities acting or attempting to act in active concert or participation with them or acting on its behalf, be preliminarily and permanently enjoined from further infringement of the '752 Patent;

(3)     For a declaration that Defendant notify all of its users of the infringing system and of the users participation in the infringement with Defendant's encouragement, and that Defendant encourages all such users to cease all such infringing actions;

(4)     For a judicial decree that orders Defendant to account for and pay to Plaintiffs all damages caused to Plaintiffs by reason of Defendant's infringement pursuant to 35 U.S.C. Section 284;

(5)     For a judicial determination and decree that Defendant's infringement of United States Letters Patent No. 8,261,752 has been, and continues to be, willful and deliberate, for a determination that this case is exceptional, and for an award of enhanced damages, costs, and attorneys' fees pursuant to 35 U.S.C. Sec. 284 and 285;

(6)     For an award of damages according to proof at trial;

(7)     For a judicial order awarding to Plaintiffs pre-judgment and post-judgment interest on the damages caused to it by Defendant's infringement; and

(13) For any such other and further relief as the Court may deem just and proper under the circumstances.

Dated: May 13, 2014						**ONE LLP**


						By: /s/ Nathaniel L. Dilger
						     Nathaniel L. Dilger, Esq.
						     Attorneys for Plaintiffs,
						     Fan Bao and Zico USA, Inc.

# DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure § 38(b), Plaintiffs demand a trial by jury for this action on all issues so triable.

Dated: May 13, 2014         **ONE LLP**

By: <u>/s/ Nathaniel L. Dilger</u>
    Nathaniel L. Dilger, Esq.
    Attorneys for Plaintiffs,
    Fan Bao and Zico USA, Inc